JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for PLAINTIFF,
DANTE LEE CARDONE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE LEE CARDONE, | CASE NO.: 3:19-cv-00221-EDL |
| PLAINTIFF, | **SECOND AMENDED COMPLAINT** |
| vs. | |
| COUNTY OF ALAMEDA, a municipal corporation; WELLPATH, INC., a Delaware Corporation; CALIFORNIA FORENSIC MEDICAL GROUP, INC., a California Corporation; CORIZON HEALTH, INC., a Delaware Corporation; Officer PREZ, individually and in his capacity as Sheriff's Deputy for the COUNTY OF ALAMEDA; MARIA MAGET, individually and in her capacity as an employee of CFMG; ANNE TANK, individually and in her capacity as an employee of CFMG; ELIZABETH GONZALEZ, individually and in her capacity as an employee of CFMG; KATHERINE-MARIE CONOVER, individually and in her capacity as an employee of CFMG; SARA COHEN, individually and in her capacity as an employee of CFMG; JEFFREY COOPER, individually and | |

in her capacity as an employee of CFMG;
YVONNE ARAGON, individually and in her
capacity as an employee of CFMG;  and DOES
1-50, inclusive, individually, jointly and
severally,

                    Defendants.

## INTRODUCTION

1.      From September 24, 2016 to January 11, 2017, Plaintiff, DANTE LEE CARDONE, was a pretrial detainee held at Santa Rita Jail in ALAMEDA COUNTY.  Mr. CARDONE lost his eyesight as a result of Defendants' negligent care.

2.      This civil rights action seeks compensatory and punitive damages from Defendants for violating the Fourteenth Amendment under the United States Constitution and state law in connection with the blindness of  DANTE LEE CARDONE, who lost his eyesight a result of the unlawful conduct by the COUNTY OF ALAMEDA Sheriff's Department, CORIZON, CALIFORNIA FORENSIC MEDICAL GROUP, and WELLPATH.

## JURISDICTION

3.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the County of ALAMEDA, California, which is within the judicial district of this Court.

4.      The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6.      Plaintiff DANTE LEE CARDONE (hereinafter "CARDONE" or "PLAINTIFF") has been and is a resident of California and is a United States Citizen.

7.      Defendant COUNTY OF ALAMEDA (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the ALAMEDA County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants.

8.      Defendant WELLPATH, INC. (hereinafter "WELLPATH"), previously/also known as CORRECTIONAL MEDICAL GROUP COMPANIES and CALIFORNIA FORENSIC MEDICAL GROUP, was at all times herein mentioned a Delaware corporation licensed to do business in California.  WELLPATH and its employees and agents are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in Defendant COUNTY OF ALAMEDA'S jails, including  providing reasonable medical care to prisoners and detainees, as well as providing reasonable medical care to specific prisoners or detainees as specifically ordered by ALAMEDA County Superior Court Judges in court orders directed at WELLPATH, and all WELLPATH policies, procedures, and training related thereto.

9.      Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. (hereinafter "CFMG"), was at all times herein mentioned a California corporation licensed to do business in California.  CFMG and its employees and agents are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in Defendant COUNTY OF ALAMEDA'S jails, including  providing reasonable medical care to prisoners and detainees, as well as providing reasonable medical care to specific prisoners or detainees as specifically ordered by ALAMEDA County Superior Court Judges in court orders directed at CFMG, and all CFMG policies, procedures, and training related thereto.

10.      Defendant CORIZON HEALTH, INC. (hereinafter "CORIZON"), previously/also known as CORIZON, CORIZON HEALTH SERVICES, and CORIZON CORRECTIONAL HEALTHCARE, was at all times herein mentioned a Delaware corporation licensed to do business in

California.  CORIZON and its employees and agents are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in Defendant COUNTY OF ALAMEDA'S jails, including  providing reasonable medical care to prisoners and detainees, as well as providing reasonable medical care to specific prisoners or detainees as specifically ordered by ALAMEDA County Superior Court Judges in court orders directed at CORIZON, and all CORIZON policies, procedures, and training related thereto.

11.     Defendant Officer PREZ ("PREZ") is and was at all times mentioned herein employed by Defendant COUNTY as a deputy sheriff, assigned to supervise CARDONE and other inmates and/or pretrial detainees in his housing unit at ALAMEDA County jail, and was acting in the course and scope of his employment as a deputy sheriff. He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

12.     Defendant MARIA MAGAT ("MAGAT") is and was at all times mentioned herein employed by Defendants CORIZON and CFMG as a mental health staff member, assigned to review intakes of inmates and/or pretrial detainees and schedule CORIZON and CFMG referrals of inmates and/or pretrial detainees with known mental health needs, and was acting in the course and scope of their employment as a staff member for CORIZON and CFMG. They are being sued individually and in their official capacity as a mental health staff member for CORIZON and CFMG.

13.     Defendant ANNE TANK ("TANK") is and was at all times mentioned herein employed by Defendant CFMG as a mental health staff member, assigned to review intakes of inmates and/or pretrial detainees and schedule CFMG referrals of inmates and/or pretrial detainees with known mental health needs, and was acting in the course and scope of their employment as a staff member for CFMG. They are being sued individually and in their official capacity as a mental health staff member for CFMG.

14.     Defendant ELIZABETH GONZALEZ ("GONZALEZ") is and was at all times mentioned herein employed by Defendant CFMG as a mental health staff member, assigned to review intakes of inmates and/or pretrial detainees and schedule CFMG referrals of inmates and/or pretrial detainees with known mental health needs, and was acting in the course and scope of their

employment as a staff member for CFMG. They are being sued individually and in their official capacity as a mental health staff member for CFMG.

15.     Defendant KATHERINE-MARIE CONOVER ("CONOVER") is and was at all times mentioned herein employed by Defendant CFMG as a mental health staff member, assigned to review intakes of inmates and/or pretrial detainees and schedule CFMG referrals of inmates and/or pretrial detainees with known mental health needs, and was acting in the course and scope of their employment as a staff member for CFMG. They are being sued individually and in their official capacity as a mental health staff member for CFMG.

16.     Defendant SARA COHEN ("COHEN") is and was at all times mentioned herein employed by Defendant CFMG as a mental health staff member, assigned to review intakes of inmates and/or pretrial detainees and schedule CFMG referrals of inmates and/or pretrial detainees with known mental health needs, and was acting in the course and scope of their employment as a staff member for CFMG. They are being sued individually and in their official capacity as a mental health staff member for CFMG.

17.     Defendant JEFFREY COOPER ("COOPER") is and was at all times mentioned herein employed by Defendant CFMG as a mental health staff member, assigned to review intakes of inmates and/or pretrial detainees and schedule CFMG referrals of inmates and/or pretrial detainees with known mental health needs, and was acting in the course and scope of their employment as a staff member for CFMG. They are being sued individually and in their official capacity as a mental health staff member for CFMG.

18.     Defendant YVONNE ARAGON ("ARAGON") is and was at all times mentioned herein employed by Defendant CFMG as a mental health staff member, assigned to review intakes of inmates and/or pretrial detainees and schedule CFMG referrals of inmates and/or pretrial detainees with known mental health needs, and was acting in the course and scope of their employment as a staff member for CFMG. They are being sued individually and in their official capacity as a mental health staff member for CFMG.

19.     PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF is

informed and believes and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein.  PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

20.     PLAINTIFF is required to comply with an administrative tort claim requirement under California law.  PLAINTIFF filed an administrative claim with the County of ALAMEDA on May 25, 2017.  PLAINTIFF has exhausted all administrative remedies pursuant to California Government Code Section 910.

## PRELIMINARY ALLEGATIONS

21.     The County is a public entity and is sued under Title 42 U.S.C. § 1983 for violations of the Fourth Amendment of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants, who at the time they caused PLAINTIFF'S injuries and damages were duly appointed, qualified and acting officers, employees, and/or agents of County and acting within the course and scope of their employment and/or agency.

22.     PLAINTIFF alleges that the conduct of each defendant deprived PLAINTIFF of his constitutional right to medical care for his serious but treatable medical health needs, as well as custodial care and supervision, and caused PLAINTIFF to suffer grievous harm and physical, psychological, and mental injuries while he was in the custody of Defendants.

23.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

24.     Whenever and wherever reference is made in this Complaint to any act by Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant and DOE Defendants individually, jointly or severally.

## FACTUAL ALLEGATIONS

25.     The incident took place on September 24, 2016.  The location of the incident was Santa Rita Jail.  The address of Santa Rita Jail is 5325 Broder Blvd, Dublin, CA 94568.  On the above date, the Alameda County Sheriff's Department booked CARDONE into the jail as a pre-trial detainee.  It must be noted that when Mr. CARDONE first entered Santa Rita Jail, he could see.

The Santa Rita Jail and Medical Staff Had Immediate and Actual Notice of Cardone's Medical Condition

26.     Upon entering the Santa Rita Jail, COUNTY sheriff's deputies took CARDONE'S possessions from him, including his glaucoma medications.

27.     On September 24, 2016 a COUNTY Sherriff's deputy at Santa Rita Jail completed the initial intake interview with CARDONE.

28.     On September 25, 2016, CORIZON staff member ANNE TANK then completed the initial medical evaluation of CARDONE.

29.     During both intake interviews PLAINTIFF explained that he suffered from suffered from Uveitis Glaucoma.

30.     CARDONE explained that in order to avoid blindness, he was required to take at least five medications three times daily.  The medications included: Simbrinza, Durezol, Combigan, Timolol, and Lumigan.  These medications worked to keep low pressure in CARDONE'S eyes.

31.     It must be noted that CARDONE had sight upon entering Santa Rita Jail.

While CARDONE Was In Custody, CORIZON and CFMG's Responsibility To Provide Medical Care to Santa Rita Jail Inmates Overlapped

32.     CORIZON INC. was the health provider on the date of CARDONE'S initial booking.

33.     The CORIZON staff responsible for CARDONE'S intake and ongoing evaluation included: ANNE TANK and MARIA MAGAT.

34.     Specifically, ANNE TANK completed CARDONE'S medical intake evaluation. TANK was also responsible for prescribing and administering CARDONE'S medication.

35.     On or around October 1, 2016, CFMG assumed the duty to provide medical care to detainees at Santa Rita Jail. The CFMG staff who became responsible for evaluating and administering CARDONE'S medication included: ELIZABETH GONZALEZ, KATHERINE-MARIE CONOVER, SARA COHEN, JEFFERY COOPER, and YVONNE ARAGON.

<u>The Medical and Jail Staffs' Joint Conduct Constituted Deliberate Indifference To CARDONE'S Medical Needs</u>

36.     On multiple occasions, CARDONE recalls informing staff members that he was not receiving his medications. On September 24, 2016 CARDONE informed the COUNTY intake officer that he needed his medications. However, the COUNTY officer took CARDONE'S medications without securing immediate replacements. Further, on September 25, 2016 CARDONE told ANNE TANK that he had glaucoma and required medication to prevent him from losing his sight. However, ANNE TANK failed to prescribe or provide CARDONE his eye medications.  CARDONE then informed CORIZON staff and COUNTY staff that he did not receive his medicine. However, COUNTY staff and CORIZON staff failed to provide eye medication to CARDONE.

37.     On or around October 1, 2016, CFMG assumed the duty of providing medical care to Santa Rita Jail inmates. On October 4, 2016 CFMG staff prescribed CARDONE his eye medications, including: **Simbrinza, Durezol, Combigan, Timolol, and Lumigan.** However, on October 4, 2016 through October 7, 2016, the CFMG nurse assigned to administer CARDONE'S medications failed to provide Durezol or Simbrinza to CARDONE. (CARDONE'S Prescription Administration Check Sheet for October 2019). The nurse stated to CARDONE that CFMG refused to order his medications because they "cost too much money."

38.     Within two weeks of booking, CARDONE began to notice changes in his vision. CARDONE experienced high pressure in his eyes. He also began losing his peripheral vision. CARDONE informed both jail staff and medical staff. On or around October 4, 2016, CARDONE submitted grievances to COUNTY and CFMG staff. CARDONE submitted several grievances,

including to Officer PREZ. However, PREZ refused to provide the proper grievance forms to CARDONE. Instead, PREZ stated that it was "not his job."

39.     CARDONE then asked the court to step in to order that CFMG and the COUNTY provide CARDONE proper medical care. On October 12, 2016, Alameda Superior Court Judge C. Don Clay signed an order directing medical staff to provide CARDONE the proper medications to treat his glaucoma.

40.     COUNTY staff and CFMG staff continued in their failure to properly treat CARDONE'S glaucoma. On October 18, 2016 CFMG registered nurse, ELIZABETH GONZALEZ, noted that CARDONE needed to see an optometrist. (CFMG Progress Notes dated October 18, 2016, CFMG-DC 000039). However, she failed to schedule an optometry appointment for CARDONE. On October 20, 2016, CARDONE again requested medical help for his glaucoma. He stated to CFMG registered nurse, KATHERINE-MARIE CONOVER, that he was concerned he did not receive his proper eye drops to relieve the pressure behind his eyes. CONOVER noted that CARDONE had altered vision and needed to see an ophthalmologist. (CFMG Progress Notes, October 20, 2016, CFMG-DC 000041). However, CONOVER failed to refer CARDONE to an ophthalmologist.

41.     On October 23, 2016 and October 24, 2016 CARDONE again told COUNTY staff and CFMG staff that his eye drops were not being administered and that his vision was getting worse. Yet, Defendants still failed to provide CARDONE his eye drops. Instead, as Mr. CARDONE'S blindness progressed, he recalls some of the guards joking about his worsening condition. Specifically, COUNTY officers accused CARDONE of faking blindness. Then, when COUNTY officers assisted CARDONE to appointments, they purposefully walked him directly into walls and doors.

42.     CARDONE again asked the court to step. On October 27, 2016, Alameda County Superior Court Judge, Paul Delucchi, ordered the COUNTY and CFMG to transport CARDONE to an ophthalmologist. However, the COUNTY and CFMG refused to allow CARDONE to see an ophthalmologist.

43.     On October 30, 2016, CARDONE again requested to CFMG staff to see an eye doctor. On November 3, 2016, CFMG medical doctor, SARA COHEN, referred CARDONE to an

optometrist for his glaucoma and cataracts. COHEN referred Cardone to an optometrist instead of an ophthalmologist in violation of the Court's order. The CFMG Optometrist noted that CARDONE has high pressure behind his eyes and that he needed to see an ophthalmologist immediately.

44.     On November 9, 2016, a CFMG nurse noted that CARDONE still needed to be seen by an ophthalmologist. CFMG staff finally referred CARDONE to Highland Hospital to see an ophthalmologist. However, CFMG and the COUNTY failed to take CARDONE to the ophthalmologist.

45.     CARDONE asked the court for help once again. On November 15, 2016, Alameda Superior Court Judge Paul Delucchi signed another order requiring CFMG and the COUNTY to take CARDONE to an ophthalmologist and to provide him his medication. Even still, CFMG staff failed provide CARDONE with his medication or take him to an ophthalmologist.

46.     Then, on or around December 1, 2016, Dr. David Heiden, Mr. CARDONE'S primary optometrist, made several attempts to contact Santa Rita Jail to inform them of Mr. CARDONE'S condition.

47.     On December 6, 2016, Judge P. Delucchi again ordered CFMG and the COUNTY to ensure CARDONE is seen by an ophthalmologist. CFMG Medical Doctor, MARIA MAGAT, acknowledged and signed the order.

48.     On December 11, 2016, CARDONE made a sick call to CFMG staff. CARDONE stated to JEFFREY COOPER that he needed to see an ophthalmologist. He also stated that he was concerned about increasing pressure behind his eyes. COOPER noted that CARDONE'S right pupil was irregularly shaped and fixed. COOPER also noted that CARDONE'S right eye did not reflex when exposed to light. COOPER assessed that CARDONE had open angle glaucoma in his left eye, and blindness in his right eye. COOPER stated that he needed to discuss the matter with YVONNE ARAGON. However COOPER and ARAGON took no action at that time.

49.     On December 12, 2016 through December 15, 2016, the CFMG nurse assigned to administer CARDONE'S medications failed to provide Simbrinza to CARDONE. Cardone continued to complain to CFMG and COUNTY staff members.

50.     On December 28, 2016, CFMG and COUNTY personnel finally transported Mr. CARDONE to Highland Hospital in Oakland, CA.  By this time, Mr. CARDONE completely lost his peripheral vision. He had also gone blind in his right eye. An ophthalmologist prescribed CARDONE an emergency medication known as Diamox.

51.     Upon returning to Santa Rita Jail, CFMG staff knew they were required to provide Diamox to CARDONE. However, COUNTY and CFMG staff failed to provide the Diamox to CARDONE.

52.     PLAINTIFF CARDONE is now permanently blind as a direct consequence of Santa Rita Jail, CFMG, and CORIZON'S egregious conduct in failing to timely provide CARDONE with his medications or access to an ophthalmologist.

<u>The Deliberate Indifference of the Santa Rita Jail and Medical Staff Caused Cardone's Blindness And Irreparably Changed His Life</u>

53.     When CARDONE entered custody, he could see. Before being booked, CARDONE was in the process of completing film school at Academy of Arts in San Francisco.  Motorcycles were his primary mode of transportation.

54.     When CARDONE left custody, he was completely blind.  He could not finish film school.  He could no longer work.  Generally, he was unable to go about life in a manner that he was accustomed to.

55.     Shortly after being released, Mr. CARDONE made several attempts to kill himself. Each time he was admitted to John George psychiatric hospital on 5150 holds.

56.     CARDONE also had to attend Orientation Center for the Blind at 400 Adams Street, Albany, CA 94706.  There was a long time in which he could not work or be gainfully employed.  He continues to seek psychiatric treatment.

57.     It must be noted that CARDONE was booked for misdemeanor terroristic threats.  The charges were dropped.  The punishment did not fit the crime.

**<u>DAMAGES</u>**

58.     PLAINTIFF was mentally, emotionally and financially injured and damaged as a result of Defendants' negligent and deliberately indifferent actions.

59.     Each individual Defendant acted recklessly or with callous indifference to PLAINTIFF'S physical and medical condition and to PLAINTIFF'S constitutional rights. PLAINTIFF is therefore entitled to an award of punitive damages against individual Defendants.

60.     PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law.  PLAINTIFF is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Deliberate Indifference to Pre-trial Detainee Rights)**
**(Against All Defendants)**

61.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 60 of this Complaint.

62.     As set forth above, Plaintiff was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the County of ALAMEDA, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.  By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of CARDONE.

63.     Defendants knew that CARDONE needed to take certain medications to prevent him from losing his eye sight. Yet, Defendants intentionally failed to administer the medicine required to prevent CARDONE'S blindness. Defendants failed to provide the medicine despite Court orders from two different judges in Alameda County Superior Court.

64.     On September 24, 2016 CARDONE told COUNTY staff that he required medication to treat his glaucoma. On September 25, 2016, CARDONE then told CORIZON staff that he has a history of glaucoma and that he needed his medications. CFMG then took over medical care for CORIZON and should have known of CARDONE'S medical needs.

65.     Instead of providing medical care to CARDONE, the defendants continually and intentionally ignored CARDONE'S needs. For example, On September 24, 2016, the COUNTY

officer in charge of CARDONE'S intake took CARDONE'S medications without securing immediate replacements. On September 25, 2016 CARDONE told CORIZON staff member, ANNE TANK, that he had glaucoma and required medication to prevent him from losing his sight. However, ANNE TANK failed to prescribe or provide CARDONE his eye medications. Then, on or around October 1, 2016, CFMG assumed the duty of providing medical care to CARDONE. On October 4, 2016 CFMG staff prescribed CARDONE eye medications, including: **Simbrinza, Durezol, Combigan, Timolol, and Lumigan.** However, on October 4, 2016 through October 7, 2016, the CFMG nurse assigned to administer CARDONE'S medications failed to provide Durezol or Simbrinza to CARDONE. Defendants also failed to timely summon an ophthalmologist to treat CARDONE.

66.     As a result of Defendant's collective deliberate indifference, CARDONE was deprived of the medical treatment for his glaucoma. Without proper treatment or follow-up care, CARDONE'S vision deteriorated, causing him to suffer blindness, pain, and mental anguish in violation of his Constitutional rights.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violation of the Due Process Clause 14th Amendment)**
**(Deliberate Indifference to Pre-trial Detainee Medical Needs)**
**(Against All Defendants)**

67.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 66 of this Complaint.

68.     As set forth above, Plaintiff was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the County of ALAMEDA, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.  By reason of the aforementioned acts, Defendants conduct constituted deliberate indifference to CARDONE'S medical needs. Further, Defendants' conduct violated CARDONE'S rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

69.     Specifically, Defendants knew that CARDONE needed to take certain medications to prevent him from losing his eye sight. Despite complaints by CARDONE, calls from CARDONE'S ophthalmologist, and Court orders, Defendants deliberately and intentionally ignored CARDONE medical requirements.  As a result, CARDONE lost his eyesight.

70.     On September 24, 2016 CARDONE told COUNTY staff that he required medication to treat his glaucoma. On September 25, 2016, CARDONE explained to CORIZON staff that he has a history of glaucoma and that he needed his medications. CFMG then took over medical care for CORIZON and should have known of CARDONE'S medical needs.

71.     Instead of providing medical care to CARDONE, the defendants continually and intentionally ignored CARDONE'S needs. For example, On September 24, 2016, the COUNTY officer in charge of CARDONE'S intake took CARDONE'S medications without securing immediate replacements. On September 25, 2016 CARDONE told CORIZON staff member, ANNE TANK, that he had glaucoma and required medication to prevent him from losing his sight. However, ANNE TANK failed to prescribe or provide CARDONE his eye medications. Then, on or around October 1, 2016, CFMG assumed the duty of providing medical care to CARDONE. On October 4, 2016 CFMG staff prescribed CARDONE eye medications, including: Simbrinza, Durezol, Combigan, Timolol, and Lumigan. However, on October 4, 2016 through October 7, 2016, the CFMG nurse assigned to administer CARDONE'S medications failed to provide Durezol or Simbrinza to CARDONE. Defendants also failed to timely summon an ophthalmologist to treat CARDONE.

72.     As a result of Defendant's collective deliberate indifference, CARDONE was deprived of the medical treatment for his glaucoma. Without proper treatment or follow-up care, CARDONE'S vision deteriorated, causing him to suffer pain and mental anguish in violation of his Fourteenth Amendment rights.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Negligence)**
**(Against All Defendants)**

73.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 72 of this Complaint.

74.     The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

75.     At all times, each Defendant owed PLAINTIFF the duty to act with due care in providing medical care to CARDONE.

76.     Defendants breached their duty to CARDONE. The COUNTY breached their duty to CARDONE when they took away his glaucoma medication without providing replacements for him. The COUNTY also failed to facilitate CARDONES transport to an ophthalmologist. Further, COUNTY staff intentionally walked CARDONE into walls and prevented CARDONE from filing grievances.  CORIZON failed to prescribe CARDONE his glaucoma medications, forcing CARDONE to go multiple weeks without it. CFMG also failed CARDONE when CFMG staff continually failed to properly administer CARDONE'S glaucoma medications. Additionally, CFMG and the COUNTY failed to treat CARDONE'S condition pursuant to multiple orders issued by the Alameda County Superior Court.

77.     CARDONE went blind as a direct and proximate result of Defendants' failure to provide CARDONE'S glaucoma medications to him.

78. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants )**

79.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 78 of this Complaint.

80.     Defendants had notice of CARDONE'S medical condition requiring medications daily. On September 24, 2016 CARDONE alerted COUNTY intake staff that he has glaucoma and need certain medications to keep from going blind. On September 25, 2016, CARDONE told CORIZON medical staff that he has glaucoma and needs medications. Further, on multiple occasions

judges ordered COUNTY staff and CFMG staff to provide CARDONE his medications. Two different Superior Court Judges ordered that the COUNTY and CFMG to refer CARDONE to an ophthalmologist. For example, on October 27, 2016, Alameda County Superior Court Judge, Paul Delucchi, ordered the COUNTY and CFMG to transport CARDONE to an ophthalmologist.

81.     Defendants' above-described actions constituted extreme and outrageous conduct. Their actions caused CARDONE to suffer emotional distress.  CARDONE will testify that he went crazy from the stress and terror of gradually losing his sight while in custody.  CARDONE will testify that after he was released from custody, he attempted suicide.  CARDONE's emotional distress would have been prevented if  the COUNTY and the healthcare providers simply provided him with his medication.  Upon CARDONE'S entry into Santa Rita, the COUNTY and the healthcare providers were on notice of CARDONE'S need for eye medication.   CARDONE'S eye medications were confiscated upon booking.  On September 25, 2016 CORIZON staff member, ANNE TANK, noted that CARDONE had Glaucoma.  On or around October 4, 2016 CARDONE submitted the first of many grievances with COUNTY Officer PREZ and other jail staff. However, PREZ refused to provide the proper grievance forms to CARDONE. Instead, PREZ stated that it was "not his job."

82.     By engaging in the above-described conduct, each individual defendant intentionally ignored or recklessly disregarded the foreseeable risk that their actions would cause PLAINTIFF to suffer emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of California Government Code § 845.6)**
**(Against Defendant County)**

83.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 76 of this Complaint.

84.     Defendants COUNTY knew or had reason to know that PLAINTIFF was in need of immediate and higher-level medical care, treatment, observation and monitoring, including administering the proper medications to PLAINTIFF once Defendants had been aware that PLAINTIFF required medical treatment.  Defendants knew that the reckless treatment they had provided to PLAINTIFF was not working to alleviate his vision problems, and knew those problems

were continuing and getting worse.  Defendants knew or should have known that Alameda County Superier Court had issued multiple Orders to Show Cause to COUNTY to explain why PLAINTIFF had not received the required medical care that the Court had previously ordered PLAINTIFF to receive.  Defendants also failed to take reasonable action to summon and/or to provide PLAINTIFF access to an ophthalmologist.  Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide PLAINTIFF access to such care and treatment in violation of California Government Code § 845.6.

85.    As legal cause of the aforementioned acts of all Defendants, PLAINTIFF was injured as set forth above, and their losses entitle them to all damages allowable under California law. PLAINTIFF sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney fees under California law.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1.    For general damages in a sum according to proof;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.    For injunctive relief as the court deems appropriate including that the policies of Defendant County for policy or policies relevant to authorizing, allowing, or ratifying the practice by its Jail Personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

LAW OFFICES OF JOHN L. BURRIS

Dated:  February 25, 2019                    /s/ *John L. Burris*
                                                 John L. Burris, Esq.
                                                 Ben Nisenbaum, Esq.
                                                 James Cook, Esq.
                                                 Attorneys for PLAINTIFF
                                                  DANTE LEE CARDONE

PROOF OF SERVICE

I, <u>Crystal Mackey</u>, declare as follows:

I am over the age of 18 years and not a party to this action.  My business address is 7677 Oakport Street, Suite 1120, Oakland, CA 94621.  I caused the foregoing:

- **SECOND AMENDED COMPLAINT**

to be served on the following parties in the following manner:

Mail [  ]        Overnight Mail [  ]           Personal Service [   ]          Email [X]

**Peter G. Bertling**
**Jemma A. Parker Saunders**
Bertling Law Group, Inc.
15 West Carillo Street, Suite 104
Santa Barbara, CA 93101-8215

Email:peter@bertlinglawgroup.com
Email:jemma@bertlinglawgroup.com

**Matthew M. Grigg**
Law Offices Of Mathew M Grigg
1700 North Broadway, Suite 360
Walnut Creek, CA 94596-4194

Email: mmg@grigglegal.com

**Kevin E. Gilbert**
**Carolyn M. Aguilar**
Orbach, Huff, Suarez & Henderson
1901 Harrison Street, Suite 1630
Oakland, CA 94612

Email: kgilbert@ohshlaw.com
Email: caguilar@ohshlaw.com

I declare under penalty of perjury that the foregoing is true and correct and that this declaration of service was executed in Oakland, California, on August 13, 2019.

Signed: /s/ *Crystal Mackey*